# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANAHI VALENCIA,<br><br>             Plaintiff,<br><br>    v.<br><br>MERCEDES-BENZ USA, LLC,<br><br>            Defendant.<br>_____/ | Case No. 1:22-cv-00098-ADA-SKO<br><br>**ORDER DENYING AMENDED MOTION FOR RELIEF TO MODIFY SCHEDULING ORDER TO EXTEND EXPERT DISCOVERY CUT-OFF PURSUANT TO E.D. CAL. L.R. 233**<br><br>(Doc. 48) |

On August 15, 2023, Plaintiff filed an amended "Motion for Relief to Modify Scheduling Order to Extend Expert Discovery Cut-Off" (Doc. 48), her previously filed motion having been denied without prejudice for failure to comply with this Court's Local Rule 233 (Doc. 46). Defendant filed an opposition on August 19, 2023. (Doc. 49.)

After having reviewed Plaintiff's amended motion, the Court determines that it does not fall within the category of a motion under Local Rule 233. The relief sought by Plaintiff does not constitute "administrative relief," which includes, for example, "motions to exceed applicable page limitations; requests to shorten time on a motion; requests to extend a response deadline; requests to alter a briefing schedule; or requests to alter a discovery schedule that does not affect dispositive motion filing dates, trial dates, or the final pre-trial conference." E.D. Cal. L.R. 233. By her amended motion, Plaintiff does not seek to "alter" a discovery schedule. She instead requests that the Court ***reopen*** fact and expert discovery so that she can undertake efforts to obtain documents from Defendant that she contends the Court previously ordered be produced. (*See* Doc. 48-1 at 4–

6.)  Such justification necessarily implicates questions of compliance with the Court's prior discovery orders, which is properly brought as a motion under Local Rule 251.

Plaintiff also seeks a continuance of the now-expired non-dispositive motion to seek leave to file an amended complaint, based on her claim that Defendant failed to produce documents as ordered by this Court.[1]  (*See id*. at 2–3.)  This, too, requires the Court to determine whether Defendant violated a prior discovery order, which is not appropriately the subject of an administrative motion.[2]

Finally, Plaintiff's amended motion is not a motion for administrative relief under Rule 233 because, were it granted, it would likely "affect dispositive motion filing dates, trial dates, or the final pre-trial conference."  As discussed above, the justifications for Plaintiffs' proposed enlargement of the deadlines contemplate, at a minimum, additional discovery and amendment motion practice, lessening the chance of the case proceeding to Pretrial Conference and Trial on February 12, 2024, and April 16, 2024, respectively.

For these reasons, Plaintiff's "Motion for Relief to Modify Scheduling Order to Extend Expert Discovery Cut-Off" pursuant to Local Rule 233 (Doc. 48) is DENIED.  Such denial is without prejudice to Plaintiff's ability to request modification of the case schedule in conjunction with seeking relief under this Court's Local Rules 230 and/or 251.

IT IS SO ORDERED.

Dated:   **August 21, 2023**                    /s/ *Sheila K. Oberto*
                                          UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff's reference to the July 19, 2023, non-dipositive motion deadline is misplaced, as the Scheduling Order set a specific deadline for filing motions requesting leave to amend the pleadings, which expired on May 31, 2022.  (*See* Doc. 18 at 2–3.)

[2] Further evidence that Plaintiff's amended motion is not of an "administrative" nature is its exhibits, which exceed 200 pages.  (*See* Doc. 48-2.)

2